UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MILTON WARREN,

        Petitioner,

  v.                                                Case No. 23-cv-1087-pp

WARDEN MICHAEL GIERACH,

        Respondent.

**ORDER OVERRULING PETITIONER'S OBJECTIONS (DKT. NO. 7), ADOPTING JUDGE DRIES'S RECOMMENDATION (DKT. NO. 6), DISMISSING CASE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

      On August 16, 2023, the petitioner, who is incarcerated at Redgranite Correctional Institution and is representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2015 conviction in Rock County Circuit Court for possession with intent to distribute more than fifty grams of heroin as a party to a crime, a second or subsequent offense of possession of THC and contributing to the delinquency of a minor. Dkt. No. 1; State v. Warren, Case No. 2014CF2123 (Rock County Circuit Court) (available at https://wcca.wicourts.gov/). On October 10, 2023, Magistrate Judge Stephen C. Dries screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and recommended that the court dismiss it for three reasons: (1) the petition fails to raise a cognizable ground for *habeas* relief; (2) the petitioner failed to exhaust his state-court remedies; and (3), the

1

petitioner's claim for relief is implausible on its face. Dkt. No. 6. Eight days later, the court received from the petitioner objections to that recommendation. Dkt. No. 7.

Judge Dries did not commit clear error in recommending that the court dismiss the petition. The court will overrule the petitioner's objections, adopt Judge Dries's recommendation, dismiss the petition for failing to raise a cognizable ground for *habeas* relief and decline to issue a certificate of appealability.

**I.     Background**

    A.     Underlying State Case

The petition references State v. Warren, Case No. 2014CF2123 (Rock County Circuit Court). Dkt. No. 1 at 1. According to the publicly available docket for that case, the State filed a criminal complaint against the petitioner on November 3, 2014. https://wcca.wicourts.gov/. On February 24, 2015, a Rock County jury found the petitioner guilty of possession with intent to distribute more than fifty grams of heroin as a party to a crime, a second or subsequent offense of possession of THC and contributing to the delinquency of a minor. Id.

    B.     Federal *Habeas* Petition (Dkt. No. 1)

On August 16, 2023, the petitioner filed his *habeas* petition, dkt. no. 1, a memorandum in support, dkt. no. 2, and an affidavit from Zachary Schmidlkofer dated November 3, 2017, dkt. no. 3. The *habeas* petition lists "witness recantation" as its single ground for relief. Dkt. No. 1 at 5. The petition

2

provided the following supporting facts: "The witness for the State stated on record [the petitioner] had nothing to do with the sale and or distribution of heroin and that he was being pressured by the States Prosecutor to testify. Then he provided an affidavit stating again [the petitioner] had nothing to do with the above case." Id.

In the affidavit, Zachary Schmidlkofer avers that he testified at the petitioner's trial in "State of Wisconsin v. Milton Warren" and that the testimony he gave during the trial "was the product of fabrication and coaching." Dkt. No. 3. at ¶¶1-2. Schmidlkofer avers that leading up to the date of his testimony he "was suffering from depression and a timorous state of mind," "was addicted to heroin, and had recently lost an important person in [his] life to a heroin overdose." Id. at ¶3. "[N]ow," with "a clear mind," Schmidlkofer "assert[s] with certainty [his] desire to recant [his] false testimony," and further avers "that [the petitioner] is innocent of the statements [Schmidlkofer] made under oath at [the petitioner's] trial." Id. at ¶¶4-5.

C. Report and Recommendation (Dkt. No. 6)

In his October 10, 2023 report and recommendation, Judge Dries alerted this court to three problems with the petition, each of which he finds warrants dismissal. First, because a witness' decision to recant his testimony "does not normally call into question the constitutionality of a defendant's conviction," Judge Dries observed that a claim for *habeas* relief based solely on witness recantation—with no independent constitutional violation claim—"is not a

3

cognizable ground for habeas relief." Dkt. No. 6 at 2-3 (citing Moore v. Casperson, 345 F.3d 474, 491 (7th Cir. 2003) and Cal v. Dorethy, 430 F. Supp. 3d 482, 487 (N.D. Ill. 2019)). Judge Dries explained that the petitioner had claimed that the witness recantation showed that he "had nothing to do with the crimes for which he was convicted," but that the petitioner had not identified "any constitutional violation." Id. at 2-3 (citing Dkt. No. 1 at 5). Judge Dries concluded that the petition did not state a cognizable *habeas* claim and should be dismissed.

Judge Dries further found that even if the petition's witness-recantation claim was cognizable on a petition for *habeas corpus*, the petitioner had not exhausted his state-court remedies for the witness-recantation claim. Judge Dries observed that while the petitioner "proceeded through the state appellate system on postconviction grounds relating to the sufficiency of the evidence, an evidentiary ruling, and ineffective assistance of counsel," he "did not raise the issue of witness recantation until his third motion for postconviction relief." Dkt. No. 6 at 5 (citing Dkt. No. 1 at 7-9). Judge Dries pointed out that the state court denied the petitioner's motion, but rather than appeal his witness-recantation claim in state court, the petitioner "immediately filed this habeas petition in federal district court." Id. (citing Dkt. No. 1 at 1-7). Judge Dries concluded that because the petitioner "did not 'fairly present' the claim to the state courts," the claim was procedurally defaulted. Id. (citing Richardson v. Lemke, 745 F.3d 258, 268 (7th Cir. 2014).

4

Finally, Judge Dries found that the petitioner's claim was implausible on its face. He observed that during the trial Schmidlkofer "provided very detailed testimony that [the petitioner] was a drug dealer," including testimony that he "purchased heroin from [the petitioner] no fewer than eighty to one hundred (or more) times." Dkt. No. 6 at 3. (citing State v. Warren, 377 Wis. 2d 729 (Wis. Ct. App. 2017)). Judge Dries found that testifying that one has "engaged in roughly *one hundred* drug deals with a defendant" is "just not the kind of thing a person can plausibly fabricate[] . . . even if the witness was addicted to heroin and depressed at the time of his testimony." Id. (emphasis in original). And because Schmidlkofer's "trial testimony echoed what [Schmidlkofer] had *already* told law enforcement on his own," and aspects of what "[he] told the police proved correct," Judge Dries concluded that "no court would credit the vague and sweeping retraction the petitioner now offers more than eight years after his trial." Id. at 4 (emphasis in original).

D. Petitioner's Objections (Dkt. No. 7)

The petitioner begins his objections by explaining that he was under the mistaken impression that because he already had proceeded with one motion "through the state appellate system that [he] was within line to file a writ of habeas for relief." Dkt. No. 7 at 1. He says that "now [he] understand[s] that this particular issue cannot be procedurally barred because state court remedies where [sic] not exhausted." Id. at 2. He says that he became aware of this "by recommendation" to deny his motion. Id. Given his *pro se* status, he asks that that he not be procedurally barred in Federal court and that "[he] will

5

fully exhaust state court remedeys, now that [he] know[s] are available to [him]. At which end, [he] may need to revisit Federal court after state court exhaustion." Id. The petitioner asserts that "[f]ailure to consider the witness recantation would result in a miscarriage of justice," adding that "if this truth was revealed at trial, the verdict would have returned not guilty." Id. at 1. The petitioner also explains, "Schmidlkofer was arrested for an unrelated theft in Janesville and spontaneously told officers about other crimes he had committed in Dane County and drug involvement with . . . (me)." Dkt. No. 7 at 1. The petitioner argues that the fact that Schmidlkofer "involved [him] spontaneously . . . speaks volume[s] as [Schmidlkofer] was arrested for an unrelated offense." Id. at 2. He suggests that "everyone" now finds Schmidlkofer's recantation suspicious only because it is now favorable to the petitioner. Id. Notably, the petitioner does not address Judge Dries's finding that his witness-recantation claim is not a cognizable ground for federal *habeas* relief because it does not raise an independent constitutional violation.

## II. Analysis

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply in *habeas* cases. Rule 72(b)(1) allows a district court to refer a case to a magistrate judge, who then "conduct[s] the required proceedings," and "enter[s] a recommended disposition." Fed. R. Civ. P. 72(b)(1). A dissatisfied party has fourteen days from the date the magistrate judge issues the recommendation to file "specific written objections." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. §636(b)(1)(C) ("A judge of the court shall

6

make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."). The petitioner must specify "each issue for which review is sought," but need not specify "the factual or legal basis of the objection." Johnson v. Zema Sys. Corp., 170 F.3d 734, 741 (7th Cir. 1999). The district court must conduct a *de novo* review "only of those portions of the magistrate judge's disposition to which specific written objection is made." Id. at 739. "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." Id. (citations omitted). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Wees v. Samsung Heavy Indus. Co. Ltd., 126 F.3d 925, 943 (7th Cir. 1997).

Judge Dries correctly determined that the petitioner's witness-recantation claim is not a cognizable ground for *habeas* relief. As Judge Dries observed, "[h]abeas corpus is a procedure designed to correct constitutional wrongs, not to re-try criminal cases." Dkt. No. 6 at 2. The petitioner's claim does not call into question the constitutionality of his 2015 conviction; it asserts that newly discovered evidence—Schmidlkofer's recantation—shows that the petitioner "had nothing to do with the sale and or distribution of heroin." See Dkt. No. 1 at 5. In other words, the petition asserts that newly discovered evidence reveals the petitioner's innocence. But "[a]s a general rule, newly discovered evidence that bears only on the question of guilt or innocence

7

is not reviewable by a federal court on a motion for habeas corpus relief." Coogan v. McCaughtry, 958 F.2d 798, 801 (7th Cir. 1992). "[C]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." Id.

Newly discovered evidence *is* reviewable by a federal court on a motion for *habeas corpus* relief, however, where the "newly discovered evidence is so compelling that it would be a violation of the 'fundamental fairness embodied in the Due Process Clause' not to afford a defendant a new trial at which the evidence could be considered." Coogan, 958 F.2d at 801 (citation omitted). For example, a claim that a newly discovered witness recantation shows "that the prosecution knowingly proffered false testimony" is a cognizable ground for *habeas* relief. See id.; see also Hysler v. Florida, 315 U.S. 411, 413 (1942) ("If a state, whether by the active conduct or the connivance of the prosecution, obtains a conviction through the use of perjured testimony, it violates civilized standards for the trial of guilt or innocence and thereby deprives an accused of liberty without due process of law.") (citation omitted). But "a mere recantation of testimony is [not] in itself ground for invoking the Due Process Clause against a conviction." Hysler, 315 U.S. at 413.

8

The petitioner claims that Schmidlkofer gave false testimony because he "was being pressured by the States Prosecutor to testify." Dkt. No. 1 at 5; see also Dkt. No. 2 at 1 ("[The] states witness testified that he was being pressured by the state to testify against me."). But the petitioner does not claim that the state's prosecutor pressured Schmidlkofer to testify *falsely*. Nor does Schmidlkofer's affidavit suggest that the state was aware that his testimony was false. Dkt. No. 3. And in objecting to Judge Dries's report and recommendation, the petitioner asserts Schmidlkofer "spontaneously told officers about . . . [his] drug involvement with [the petitioner]" following Schmidlkofer's arrest in Janesville, which the petitioner suggests "speaks volumes" about the testimony's trustworthiness. Dkt. No. 7 at 1-2. But, again, he does not suggest that state officials were aware that Schmidlkofer's testimony was false, or that they knowingly proffered false testimony. The petitioner's claim does not invoke his constitutional right to due process. Judge Dries correctly found that the petitioner's witness recantation claim fails to point to any independent constitutional violation and, therefore, is not a cognizable ground for relief under §2254. Because Judge Dries did not commit clear error in recommending that the court dismiss the petition, the court will adopt his recommendation and dismiss the petition for failing to raise a cognizable federal *habeas* claim.

Judge Dries found that even if the petitioner's witness-recantation claim was cognizable on a petition for *habeas corpus*, dismissal would be warranted because the claim is not properly exhausted or plausible on its face. Because

9

Case 2:23-cv-01087-PP   Filed 04/18/24   Page 9 of 11   Document 8

the court agrees with Judge Dries that the petitioner's witness-recantation claim is not cognizable under §2254, the court does not necessarily need to address Judge Dries's conclusion that the petitioner failed to exhaust his state remedies. But the petitioner himself has admitted that he did not exhaust his remedies on his single claim before filing the federal petition, so that is another basis for the court to adopt Judge Dries's recommendation and dismiss the petition. The court is going to dismiss the petition; it is not holding the petition in abeyance until the petitioner exhausts his claim. Whether the petitioner chooses to return to state court and try to exhaust his claim is up to him, but the petitioner should be aware that before a person can file a second, or successive, *habeas* petition in federal court, that person must "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. §2244(b)(3)(A).

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal

10

quotations omitted). The court declines to issue a certificate of appealability; reasonable jurists could not debate that the petition fails to state a basis for *habeas* relief.

## IV. Conclusion

The court **OVERRULES** the petitioner's objections. Dkt. No. 7.

The court **ADOPTS** Judge Dries's recommendation. Dkt. No. 6.

The **ORDERS** that the petition for writ of *habeas corpus* is **DISMISSED** for failure to raise a cognizable ground for *habeas* relief. Dkt. No. 1.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITH PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of April, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**